**KELLY–SPRINGFIELD TIRE COMPANY,**
Appellant,

v.

**MOBIL OIL CORPORATION and R. L. DeYong, d/b/a R. L. DeYong, Distributor, Appellees.**

No. 47037.

Court of Appeals of Oklahoma, Division No. 1.

June 10, 1975.

Corrected on Denial of Rehearing Sept. 2, 1975.

Certiorari Denied March 2, 1976.

Released for Publication by Order of Court of Appeals March 4, 1976.

672

Ralph W. Newcombe, Lawton and Watts, Looney, Nichols, Johnson & Hayes, by Robert D. Looney, Oklahoma City, for appellant.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, by Jack R. Durland, Jr., Oklahoma City, for appellee Mobil Oil Corp.

Russell G. Jones, Lawton, for appellee R. L. DeYong, d/b/a R. L. DeYong, Distributor.

ROMANG, Presiding Judge:

Billy H. Roberts sustained personal injuries when a new "Mobil" tire exploded on a car wheel that he was balancing. He brought this suit against the manufacturer of the tire, Kelly-Springfield Tire Company; against the company for which the tire was manufactured under its own brand name, Mobil Oil Company; and against the local distributor of the "Mobil" tires, R. L. DeYong d/b/a DeYong Distributor. Reference hereinafter will be made to said defendants by the names of Kelly, Mobil, and DeYong.

On the date set for trial, March 26, 1973, plaintiff settled his claims against the defendants for the sum of $30,000.00. Kelly paid $15,000.00 and was given a full release by plaintiff. Judgment was taken by plaintiff against Mobil and DeYong for the sum of $15,000.00, which was paid by Mobil.

On November 6, 1973, this cause came on for hearing upon the cross-claim of Kelly against Mobil, the cross-claim of Mobil against Kelly, and the cross-claim of DeYong against Kelly. The Journal Entry of Judgment reads in part as follows:

"5. The injuries to the Plaintiff were caused by the negligent manufacturing of the tire by the Defendant Kelly-Springfied Tire Company.

"6. That the Defendant Mobil Oil Corporation should recover on its Cross-Claim from the Defendant Kelly-Springfield Tire Company in the sum of $15,000.00.

"7. That on the filing of Plaintiff's Second Amended Petition, an additional separate and distinct act of negligence was alleged as to Defendant Mobil Oil Corporation, whereupon an apparent conflict arose between said Defendants, and Mobil Oil Corporation employed attorneys to represent its interest, and by reason thereof Mobil's prayer for attorneys' fees for service to date of trial on March 26, 1973, in the amount of $5,951.81, is denied.

"8. The Defendant Kelly-Springfield Tire Company did not at any time furnish representation for Defendant R. L. DeYong d/b/a R. L. DeYong, Distributor, although DeYong was a third-party beneficiary under the contract between Kelly-Springfield Tire Company and Mobil Oil Corporation. No allegation of separate negligence was ever made against

the Defendant R. L. DeYong d/b/a R. L. DeYong, Distributor.

"9. That the Defendant R. L. DeYong d/b/a R. L. DeYong, Distributor, employed attorneys at an expense of $1,110.00, which the court finds to be a reasonable amount, and R. L. DeYong is awarded judgment on his Cross-Claim against Kelly-Springfield Tire Company in the amount of $1,110.00.

"10. That by reason of the above, Defendant Kelly-Springfield Tire Company's Cross-Claim against Mobil Oil Corporation is hereby denied.

"11. That the Defendants Mobil Oil Corporation and R. L. DeYong d/b/a R. L. DeYong, Distributor were required to employ attorneys to represent them in their respective Cross-Claims against the Defendant Kelly-Springfield Tire Company. The Defendants Mobil Oil Corporation and R. L. DeYong d/b/a DeYong, Distributor, are entitled to recovery of reasonable and necessary attorneys' fees for the services of their attorneys from March 27, 1973, to the date of this Judgment. That the Court shall determine the amount of reasonable attorneys' fees to be awarded to each party at a separate hearing to be scheduled by the Court at a later date."

Kelly has appealed and filed a Petition in Error.

Mobil has appealed and filed a Cross-Petition in Error.

The indemnity agreement between Kelly and Mobil was contained in a letter dated May 15, 1964. It is upon its terms that the outcome of this appeal depends. The agreement reads in pertinent part:

"All tire products delivered hereunder will be warranted to be free from defects in workmanship and material.

\* \* \* \* \* \*

"Seller agrees to indemnify Buyer and save it and/or its agents, servants, employees and reseller purchasers harmless from every claim, demand, loss, expense, cost, damage or injury, including attor-

neys' fees and/or settlement approved by Seller, which may arise or be asserted based upon a claim of injury or damage of any kind to any person or property, real or personal, sustained by any individual, firm, partnership, corporation or other legal entity claimed to have been caused by, resulting from, arising out of, or attributable to defective workmanship or material incorporated in any product sold to Buyer hereunder. Seller further agrees, and it is a condition of the foregoing obligation to indemnity, that the Seller shall have the opportunity and right, if it so elects, at its own cost, expense and risk to defend any and all actions, suits and other legal proceedings that may be brought or instituted upon any such claim or demand, and to pay or satisfy any judgment based upon any such claim or demand that may be rendered against the Buyer in any such action, suit or legal proceeding."

Kelly contends that unless it was guilty of negligence there is no indemnity under the terms of said indemnity agreement, and that there is no proof of negligence on its part.

We here repeat the controlling part of said indemnity agreement with the parties indicated in brackets:

"Seller [Kelly] agrees to indemnify Buyer [Mobil] and save it and/or its . . . . reseller purchasers [DeYong] harmless from every claim, demand, loss, expense, cost, damage or injury, including attorneys' fees and/or settlement approved by Seller [Kelly], which may arise or be asserted based upon a claim of injury . . . of any kind to any person . . . claimed to have been caused by, resulting from, arising out of, or attributable to defective workmanship or material incorporated in any product sold to Buyer [Mobil] hereunder."

At no place in the indemnity agreement do we find that Kelly must be proven guilty of negligence, but instead it says that Kelly will save Mobil and DeYong harmless from every claim or injury, in-

cluding attorneys' fees, which may arise or be asserted, based upon a claim of injury, claimed to have been caused by or attributable to defective workmanship or material.

Plaintiff Roberts alleged in his original petition that the tire "was defective and unreasonably dangerous and was unsafe and unfit for the use for which it was intended . . . at and before the time the defendants [Kelly and Mobil] . . . sold or parted with control of the said product . . . in that the tire in question had four (4) defective beads which caused it to explode." These allegations were incorporated by reference in subsequent amended petitions, and were a part of the pleadings at the time settlement was made with plaintiff.

There was never any proof as to how or when the tire beads became defective. The expert witness testified as follows:

"A  I can't—I can't say when it was broken. The—it could have been defective and—or broken when it was delivered to the Mobil Station here.

Q  Could it also have been broken and defective when delivered to the Mobil Oil Corporation?

A  Yes, sir.

\*      \*      \*      \*      \*      \*

A  The bead was faulty or it wouldn't have blown off the rim; it wouldn't have exploded.

\*      \*      \*      \*      \*      \*

Q  And so if it didn't happen there, it's bound to have happened someplace else; that's all you're saying, isn't it? You have no idea where or why?

A  That's correct."

■  The tire exploded and a claim was asserted alleging that the tire beads were defective before the time Kelly and Mobil sold or parted with control of the product. Settlement was made by Kelly and Mobil. Under the plain and unambiguous terms of the indemnity agreement, Mobil is entitled to be held harmless for the part of the settlement paid by it.

15 O.S.1971, § 427 provides in pertinent part:

"In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears:

"1.  Upon an indemnity against liability, expressly, or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable.

"2.  . . .

"3.  An indemnity against claims or demands, or liability, expressly or in other equivalent terms, embraces the costs of defense against such claims, demands or liability incurred in good faith, and in the exercise of reasonable discretion.

"4.  The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity; but the person indemnified has the right to conduct such defense, if he chooses to do so.

"5.  If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter, suffered by him in good faith, is conclusive in his favor against the former."

"Words used in a statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." 25 O.S.1971, § 1.

In *Scherff v. Missouri-Kansas-Texas Railroad Co.,* 449 F.2d 23 (5th Cir. 1971), the court stated:

"The courts of both Texas and Oklahoma have held that it is not violative of public policy for a railroad common carrier, to require indemnification from a lessee for injury to persons or property which might occur by reason of the negligence of the railroad."

■  The same rule applies between private corporations.

In *Chicago, R. I. and P. R. Co. v. Dobry Flour Mills*, 211 F.2d 785 (10th Cir. 1954), the opinion reads:

"Ordinarily, to sustain a claim upon an indemnity contract such as we have here, it is necessary for the indemnitee to prove legal liability to the injured party. . . . *However, in Oklahoma and elsewhere in indemnity cases, where the indemnitor denies liability under the indemnity contract and refuses to assume the defense of the claim, then the indemnitee is in full charge of the matter and may make a good faith settlement without assuming the risk of being able to prove absolute legal liability or the actual amount of the damage.* 15 Okl.St.Ann. § 427; . . . *A contrary rule would make the right to settle meaningless in cases where the indemnitor has denied liability.*" (Emphasis added.)

Kelly defended Mobil during the first part of this case, but after plaintiff filed a "Second Amended Petition" alleging negligence on the part of Mobil, Kelly declined to further defend Mobil on account of the possible conflict of interest between Kelly and Mobil. Thus it became necessary for Mobil to employ separate counsel and to incur attorneys' fees and expenses from December 18, 1972 to the date of plaintiff's trial on March 26, 1973.

In *American-First Title & T. Co. v. First Fed. S. & L. Ass'n*, 415 P.2d 930 (Okl.1965), the Oklahoma Supreme Court held in the syllabus as follows:

"Generally, in instances other than those which involve an absolute guaranty, an indemnitee is entitled to recover, as a part of the damages, reasonable attorneys' fees which he is compelled to pay as a result of suits by or against him in reference to matter against which he has been indemnified. Where the contract of indemnity expressly includes attorneys' fees the extent to which the indemnitee is entitled to recover such fees depends on the terms of the particular contract."

We find from the record that Mobil made repeated demands upon Kelly to defend Mobil, and that under said indemnity agreement, as well as 15 O.S.1971, § 427, Mobil is entitled to recover its reasonable attorneys' fees and proper legal expenses incurred in its own defense to and including March 26, 1973. The reasonable and proper amount thereof, shall be determined by the trial court upon remand of this case, and judgment shall be rendered accordingly against Kelly. This determination can be made at the same time that the trial court determines the attorneys' fees to be allowed Mobil and DeYong from March 27, 1973 to November 6, 1973, as provided in paragraph (11) of its Journal Entry of Judgment, which we hereby approve and affirm.

From our review of the record and in view of the foregoing, we find that the trial court's judgment of November 6, 1973, should be and the same is hereby affirmed except paragraph (7) thereof, quoted above, is hereby reversed so as to allow attorneys' fees and expenses to Mobil from December 18, 1972 to and including March 26, 1973.

We find that DeYong was a third party beneficiary under the indemnity agreement, and that the judgment for his attorneys' fees, both determined and to be determined by the trial court, should be affirmed.

We further find and hold that under the terms of said indemnity agreement, as well as provided by 15 O.S.1971, § 427, Mobil is entitled to recover judgment against Kelly for all of Mobil's reasonable and necessary attorney fees and expenses incurred in this appeal from November 6, 1973 to the date that Kelly satisfies in full all sums owed by it to Mobil in connection with the judgment herein. The trial court is hereby directed to determine said attorney fees and expenses at an appropriate evidentiary hearing.

AFFIRMED IN PART; REVERSED IN PART.

REYNOLDS, and BOX, JJ., concur.