358 So.2d 45 (1978)
Martha PENDER, Appellant,
v.
SKILLCRAFT INDUSTRIES, INC., et al., Appellees.
DADE WHOLESALE PRODUCTS, INC., d/b/a Eagle Army-Navy Stores, Inc., Appellant,
v.
Martha PENDER et al., Appellees.
Nos. 76-1527 and 76-1803.
District Court of Appeal of Florida, Fourth District.
April 10, 1978.
Rehearing Denied May 18, 1978.
Richard W. Slawson of Thompson, Tucker & Slawson, West Palm Beach, for appellant-Pender.
Robert B. Bennett, Jr., Sarasota, for appellee-Skillcraft Industries, Inc.
Michael B. Davis of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellees-Escom Enterprises, Inc., and United States Fidelity & Guaranty Co.
Marjorie D. Gadarian of Jones, Paine & Foster, West Palm Beach, for appellees-Dade Wholesale Products, Inc., and Consolidated Mut. Ins. Co. as to Case No. 76-1527, and for appellant-Dade Wholesale as to Case No. 76-1803.
James S. Robinson, West Palm Beach, for appellees-A.B. Aetna Manufacturing Co. and Greater New York Mut. Ins. Co.
ALDERMAN, Chief Judge.
These consolidated appeals result from protracted products liability litigation. In *46 the primary action, Case No. 76-1527, the plaintiff, Martha Pender, claims to have sued the defendants (two retail sellers, two manufacturers, and their respective insurance carriers) in three distinct capacities: (1) for her own personal injuries resulting from an electrical shock; (2) as a statutory beneficiary under the wrongful death statute for the electrocution death of her minor son; and (3) as administratrix of her minor son's estate under the survival statute. The sufficiency of the complaint to state a cause of action for her own personal injuries became an issue during the trial and was disposed of adversely to plaintiff.
Mrs. Pender questions the propriety of the trial court's order denying her oral motion made at a late stage of the trial to amend her pleadings in order to state a cause of action for her own personal injuries and refusing to permit her personal injury claim to go to the jury. Under the totality of the circumstances, we find no abuse of discretion in this regard. She raised five other points in her brief; however, at oral argument these points were waived except as they might apply to the claim for her own personal injuries. Since we find that the trial court did not abuse its discretion in denying her motion to amend and in refusing to allow her claim for personal injuries to go to the jury, we shall not consider these other points on appeal.
In the consolidated appeal, Case No. 76-1803, the cross-appellant, Dade Wholesale Products, Inc., d/b/a Eagle Army-Navy Stores, Inc. (retail seller of a defective clamp-on light that contributed to the electrocution of Mrs. Pender's son), challenges the trial judge's denial of its claim against codefendant Aetna Manufacturing Co. (manufacturer of the defective clamp-on light) and its insurance carrier for indemnification for attorney fees and costs of defending itself in the primary action. Although Dade Wholesale as a retail seller was exonerated of liability in the primary action, Aetna as manufacturer was found liable and judgment was entered against it for $65,000 in the wrongful death action and for $15,000 in the estate's action; said judgment having already been satisfied. The trial judge held that since no judgment was rendered against the cross-claimant in the primary action, there was nothing for which to indemnify Dade Wholesale.
Dade Wholesale has alleged no express contractual relationship between it and Aetna wherein Aetna obligated itself to defend actions brought against Dade for injury caused by defective products manufactured by Aetna. Thus any right to indemnification would have to be by implied contract, or one otherwise created purely by law.
In the present case there was no evidence that Dade Wholesale, the retailer, knew or should have known of the defect in the clamp-on light; all testimony was to the effect that the defect was latent. Thus if Dade Wholesale was found to have been liable for the death of plaintiff's minor child on a negligence theory, it would necessarily have been only passive negligence and Dade Wholesale would have then been entitled to indemnification from Aetna. See General Motors Corp. v. County of Dade, 272 So.2d 192 (Fla. 3d DCA 1973), cert. denied, 277 So.2d 535 (Fla. 1973). Likewise if Dade had been found liable on a breach of implied warranty theory, Aetna would be obligated to indemnify Dade also on a breach of implied warranty theory. Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla. 2d DCA 1969), cert. denied, 234 So.2d 122 (Fla. 1969). Logically the same result would apply if Dade Wholesale would be liable on a strict liability theory. And this court has held that if a retailer, who is not an active wrongdoer according to the evidence at trial, is entitled to indemnity from a manufacturer for a judgment against the retailer due to its sale of a defective product, the retailer is also entitled to be indemnified for its attorney's fees and court costs incurred in defending itself in the primary action. Insurance Co. of North America v. King, 340 So.2d 1175 (Fla. 4th DCA 1976).
The difficulty in the present case, of course, is that Dade Wholesale was exonerated of liability on all possible theories (by *47 directed verdict on the strict liability and negligence counts and by jury verdict on the implied warranty count). Ordinarily one would expect Dade Wholesale to be pleased with this; however, in reality, Dade Wholesale is being penalized. If Dade Wholesale was found to be liable it would be entitled to indemnification not only for the judgment against it but also for attorney's fees and court costs. Insurance Co. of North America v. King, supra. But since Dade Wholesale successfully defended itself in the main action, the lower court judge held that it must bear its own costs of litigation. We perceive no rational justification for such an illogical result.
The issue is apparently one of first impression in Florida; there are no cases requiring, under an implied contract theory, indemnification of attorney's fees and court costs to a defendant found not liable from a codefendant who is found liable. But by the same token, there are no cases prohibiting it. We believe that sound policy considerations favor the allowance of indemnification for attorney's fees and court costs under the circumstances of this case.
We therefore reverse the lower court's denial of the cross-claim for indemnification and hold that if a retailer would clearly have been entitled to indemnification of attorney's fees and court costs if it had lost in the main action and had a judgment rendered against it (for passive negligence, breach of implied warranty, or strict liability), then it will be equally entitled to such indemnification in the event that it should successfully defend itself in the main action. This presupposes that there is no question as to entitlement to indemnification if the retailer had been found liable. Our holding should not be construed to open a floodgate for cross-claims seeking indemnification when there is no connection between the cross-claimant and the party from whom indemnification is sought. Some nexus is required to support an implied contract theory of indemnification. In the present case there was clearly privity of contract between the manufacturer and the retailer of the defective clamp-on light.
The judgment in Case No. 76-1527 is affirmed.
The judgment in Case No. 76-1803 is reversed and the cause remanded for further proceedings in accordance with this opinion.
CROSS, J., and DURANT, N. JOSEPH, Jr., Associate Judge, concur.