John Lynn WESTON, Plaintiff,

v.

GLOBE SLICING MACHINE COMPANY, a corporation, et al., Defendants,

and

MOORE SUPPLY COMPANY, a Utah Corporation, Cross-Claimant-Appellant,

v.

GLOBE SLICING MACHINE COMPANY, a Corporation, Cross-Defendant-Appellee.

No. 78–1529.

United States Court of Appeals, Ninth Circuit.

June 12, 1980.

Tom Ambrose, Boise, Idaho, argued, for plaintiff; Charles W. Hosack, Moffatt, Thomas, Barrett, Blanton & Chartered, Boise, Idaho, on brief.

William McCurdy, Boise, Idaho, argued, for defendants; Jeremiah A. Quane, Boise, Idaho, on brief.

Before SKELTON *, Senior Judge, FARRIS and PREGERSON, Circuit Judges.

SKELTON, Senior Judge:

This appeal results from the denial of a cross claim seeking indemnification for attorney fees and costs filed by a defendant retail seller against a co-defendant manufacturer in a product liability lawsuit. The case in chief was instituted by the plaintiff John L. Weston (hereinafter referred to as plaintiff) for personal injuries he received while operating a meat chopping machine in 1974 while he was employed by Taco Bandido, Inc. in Twin Falls, Idaho. Plaintiff filed this lawsuit against his employer, Taco Bandido, Inc., and also against the following other defendants: Globe Slicing Machine Company, hereinafter referred to as Globe, the manufacturer of the meat chopping machine; E. L. Sly Company (hereinafter referred to as Sly), a distributor which purchased the machine from Globe; and Moore Supply Company (hereinafter referred to as Moore), the retail seller which purchased the machine from Sly and sold it to plaintiff's employer, Taco Bandido Company. Plaintiff founded his lawsuit against Globe and Moore on the grounds of strict liability, negligence and breach of warranty.

Moore filed a cross claim against Globe seeking indemnification for its attorney fees and costs incurred in its defense against the claim plaintiff asserted against it in the case. Moore based its cross claim on the premise that the meat chopping machine was sold by Moore without any change in its condition by Moore, and that any defect in the machine that caused inju-

ry to the plaintiff was the fault of the manufacturer, Globe, and the responsibility for such injury would ultimately rest with Globe. Therefore, Moore contended that Globe should be required to reimburse Moore for its attorney fees and costs expended in the case.

The case was submitted to the jury only on the theory of strict liability. The jury returned a verdict in favor of the plaintiff in the sum of $30,147.26 against Globe attributing forty percent (40%) of the proximate cause of the plaintiff's injury to Globe and sixty percent (60%) to the plaintiff and his employer on the theory of comparative negligence. The jury also found that the meat chopping machine was defective because of its design by Globe, and, further, that plaintiff's strict liability claims against Moore and Sly had not been proven, thereby relieving Moore and Sly of any liability for plaintiff's injury.

In its final judgment, the District Court ordered that Moore take nothing by its cross claim for attorney fees and costs and dismissed the cross claim with prejudice. Moore appeals from this dismissal, and, in addition to the relief sought in its cross claim, is seeking the costs and expenses of its appeal.

The primary issue in this case is whether a retail seller can recover its attorney fees and costs, which it incurred defending itself in a products liability action, from the manufacturer of the allegedly defective product on an indemnification theory, where only the manufacturer is required to pay damages and the retail seller is not found to be liable. Inasmuch as this is a diversity action with federal court jurisdiction based on 28 U.S.C. § 1332(a)(1), and the tort forming the basis of the lawsuit occurred in Idaho and the case was originally filed in that state, we are required to apply Idaho law in deciding this issue. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Wirth v. Clark Equipment Co.,*

---

* The Honorable Byron G. Skelton, Senior Judge of the United States Court of Claims, sitting by designation.

457 F.2d 1262 (9 Cir. 1972), *cert. denied*, 409 U.S. 876, 93 S.Ct. 127, 34 L.Ed.2d 129 (1972). It appears, however, that the Idaho courts have not rendered a decision on this precise issue. Therefore, we must decide the case without the benefit of an Idaho court decision directly on the point.

We first consider the parties' respective arguments. Moore contends that it is entitled to indemnification for its attorney fees and costs for two basic reasons. First, it says that defendant Globe is primarily liable for the injuries caused to plaintiff because of its defective design of the appliance and should be required to indemnify co-defendant Moore which is secondarily liable for those same injuries even though it is not guilty of any wrong-doing, but, nevertheless, is required to defend itself against the claim of the injured party. In support of this general indemnification principle, Moore cites *May Trucking Co. v. International Harvester Co.*, 97 Idaho 319, 543 P.2d 1159 (1975), and *Industrial Indemnity Co. v. Columbia Basin Steel & Iron, Inc.*, 93 Idaho 719, 471 P.2d 574 (1970). Second, Moore argues that the right to indemnification for attorney fees and costs does not depend upon a judgment having been entered against the indemnitee. Here, Moore relies on *Pender v. Skillcraft Industries, Inc.*, 358 So.2d 45 (Fla.App. 1978), *Addy v. Bolton*, 257 S.C. 28, 183 S.E.2d 708 (1971) and *St. Paul Fire & Marine Insurance Co. v. Crosetti Brothers, Inc.*, 256 Or. 576, 475 P.2d 69 (1970). Moore points out that if a judgment were required before a retail seller could recover its defense expenses on an indemnification theory from the manufacturer of a defective article in a products liability case, the retail seller would in effect, be penalized for successfully defending itself against the claim. Also, Moore adds that under Idaho's doctrine of strict liability in products liability cases, Moore, as a retail seller of the defective product, is liable for the injuries caused the plaintiff and a judgment could have been entered against it in this case in favor of the plaintiff is supported by a jury verdict. Therefore, Moore concludes that Globe, as the manufacturer of the defective product, should indemnify Moore for Moore's defense expenses since

Globe's product caused Moore to incur these expenses. In support of its argument that it is entitled to attorney fees, costs, and expenses of appeal, Moore relies on *Kelly-Springfield Tire Co. v. Mobil Oil Corp.*, 551 P.2d 671 (Okl.Ct.App.1975).

Globe counters Moore's contentions as follows: (1) Moore is not entitled to indemnification for attorney fees and costs because Moore's liability to the plaintiff was not established by a jury verdict or judgment and Moore was not required to pay any damages to the plaintiff. Globe here cites *May Trucking Co. v. International Harvester Co., supra*, and *Williams v. Johnston*, 92 Idaho 292, 442 P.2d 178 (1968). (2) The plaintiff alleged that Moore was liable under theories of strict liability, breach of warranty and negligence. Globe points out that the record indicates that Moore may have been negligent and may have failed to properly warn the purchaser of the machine. Therefore, Globe argues that Moore was defending itself against these allegations and was not defending Globe and any expenses incurred in this defense were Moore's and solely for its own benefit.

The general principle of indemnification law was stated by the Idaho Supreme Court in *Industrial Indemnity Co. v. Columbia Basin Steel & Iron Co., supra*. In that case a subcontractor sought indemnification from a general contractor for a settlement paid by the subcontractor to one of its injured employees. The negligence of the general contractor had caused the injuries suffered by the subcontractor's employee. In affirming the judgment against the general contractor, the court recognized the common law principle of indemnity as follows:

"It is well established that under the common law a person who without fault on his part is *compelled to pay damages* occasioned by the negligence of another is entitled to indemnity." (Citations omitted). (Emphasis supplied). 471 P.2d at 578.

In the case of *Williams v. Johnston, supra*, the Idaho Supreme Court discussed at length the indemnity rules in tort situations. There the court, quoting extensively from two authorities in the field of tort law, noted:

"Indemnity is allowed against the maker or supplier of a chattel in cases *where a retailer who has re-sold the product has been held liable to a third person* because of defects in the product which were unknown to the retailer at the time of sale." (Emphasis supplied). 442 P.2d at 182, n.1. After the analysis of the authorities, the court concluded:

"It is the conclusion of the court that unless liability of the claimed indemnitee to the third party is established, the right to indemnification does not arise." 442 P.2d at 184.

Thus it appears that there is no right of indemnification in Idaho unless the indemnitee has been held liable to pay damages to a third party. *May Trucking Company v. International Harvester Co., supra.* In the instant case, Moore was not held liable to pay damages to the plaintiff. Thus, it appears that the general principles of indemnification in Idaho do not support Moore's theory of recovery.

Regarding attorney fees, Idaho follows the general rule that attorney fees are not recoverable unless provided for by statute or by contract between the parties.[1] *Kidwell & Heiser v. Fenley,* 96 Idaho 534, 531 P.2d 1179 (1975); *Mecham v. Nelson,* 92 Idaho 783, 451 P.2d 529 (1969). Moore has cited no Idaho statute under which it would be entitled to recover attorney fees and there was no contract between Moore and Globe providing for their recovery. Therefore, it appears that Moore cannot recover its attorney fees and costs under Idaho's general rules regarding the recovery of attorney fees, nor under the cited statute.

We next consider whether Moore can recover its defense expenses from Globe under some theory of law arising out of the field of products liability litigation as shown by court decisions. Moore cites three

cases to support its position, but only one is directly in point. The case of *St. Paul Fire & Marine Insurance Co. v. Crosetti Bros., Inc., supra,* an Oregon case cited by Moore, is not persuasive on the issue of defense expenses because the award of such expenses to the indemnitee in that case where the indemnitee paid no damages to the injured party, was based on a contract between the indemnitee and the indemnitor. The decision in *Addy v. Bolton, supra,* a South Carolina case relied on by Moore, is distinguishable from the instant case because it is not a products liability case. In that case, a landlord engaged a contractor to make repairs on a building leased by the landlord to Addy. The contractor was responsible for starting a fire which damaged Addy's merchandise. Addy filed suit against the landlord and the contractor. The landlord filed a cross-claim against the contractor for any damages that the landlord might have to pay for the landlord's defense expenses. The contractor was found to be solely responsible and the landlord was exonerated. The court allowed the landlord to recover its defense expenses because of "the duty to indemnify . . . implied by law," and because the landlord was not guilty of causing any of the injuries. Since there was no written contract between the landlord and the contractor, the court sustained the landlord's right of recovery on a theory of an implied contract to indemnify and on the general principles of indemnification.

In the third case cited by Moore, *Pender v. Skillcraft Industries, Inc., supra,* a Florida decision, the plaintiff who was injured by a defective product sued the retail seller and the manufacturer. The manufacturer was found to be liable and the retail seller was exonerated on all possible theories of liability (i.e., negligence, strict liability and

---

1. Section 12–121 of the Idaho Code provides for the recovery of attorney fees under certain conditions, as follows:

"In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees."

Moore cannot recover its attorney fees under this statute because the award of such attorney fees is discretionary with the trial judge who denied Moore the recovery of such fees; and for the further reason that Moore did not "prevail" against Globe as required by the statute.

breach of warranty). The court allowed the retail seller indemnification for its attorney fees and costs from the manufacturer based on an implied contract theory. The court stated that if the retail seller had been found liable on any one of the three theories asserted by the plaintiff, the manufacturer would have been obligated to indemnify the retail seller for the damages which it would have had to pay and for its attorney fees and costs. The court reasoned that it would, therefore, be illogical to deny the retail seller indemnification for its attorney fees and costs where the retail seller had successfully defended itself against the claims of the plaintiff and that such a result would, in effect, penalize the retail seller for successfully defending against the plaintiff's charges. In concluding its decision, the court made the following observation which appears to limit its holding:

> "Our holding should not be construed to open a floodgate for cross-claims seeking indemnification when there is no connection between the cross-claimant and the party from whom indemnification is sought. *Some nexus is required to support an implied contract theory of indemnification. In the present case there was clearly privity of contract between the manufacturer and the retailer of the defective clamp-on light.*" (Emphasis supplied). 358 So.2d at 47.

In the case before us, there was no privity of contract between Moore and Globe because Moore bought the appliance from an intervening wholesale seller, Sly, who is neither a party to the cross claim filed by Moore nor a party to this appeal.

The courts in the states of North Dakota and California have handed down opinions at variance with the decision in *Pender* by the Florida courts in situations similar to the case at bar as shown by the discussion below.

In *Davis v. Air Technical Industries, Inc.,* 22 Cal.3d 1, 148 Cal.Rptr. 419, 582 P.2d 1010 (1978), both the retail seller and the manufacturer were found to be strictly liable.[2]

Even though the manufacturer had to indemnify the retail seller for the damages awarded the plaintiff, the court denied the retail seller indemnification for its defense expenses. The court based its decision on the legislative rule[3] that in the absence of an express agreement or statute, each party pays for its own attorney fees. The court also concluded that the retail seller was defending against allegations of his own wrongdoing.

The case of *Conrad v. Suhr,* 274 N.W.2d 571 (N.D.1979), also involved a fact situation very similar to the case now before us. In that product liability case, the plaintiff sued both the manufacturer and seller on the theories of strict liability, breach of warranty and negligence. The case was submitted to the jury only on the strict liability theory and only the manufacturer was found liable. The North Dakota Supreme Court thoroughly examined the issue of whether the retail seller could recover indemnification for its defense expenses from the manufacturer. The court reviewed the cases discussed in this opinion, cases from other states, the general principles of indemnification and the rules governing the award of attorney fees. The court concluded that the retail seller was defending against allegations of its own negligence, its own strict liability and its own breach of warranty notwithstanding the fact that the case was submitted to the jury only on the strict liability issue. In other words, the retail seller conducted the defense for its own benefit and not for another's benefit. The court summarized the rationale of its decision as follows:

> "In closing, we express the view that the pleadings are an integral part of litigation and that in determining whether or not a party may be indemnified for his attorneys' fees and costs, the court may examine the pleadings to determine whether or not the party seeking indemnification from another was exclusively or partially defending against allegations of his own negligence, his own warranty, or of strict liability." 274 N.W.2d at 578.

---

2. The plaintiff had also alleged negligence and breach of warranty but the case was submitted to the jury only on the theory of strict liability.

3. California Code of Civil Procedure, Section 1021.

We now turn our attention to the facts in the case at bar. In his complaint, plaintiff sought recovery from Globe, Sly and Moore on the theories of breach of warranty, negligence and strict liability. Under Idaho's doctrine of strict liability, Moore, as a retail seller, was *subject to* liability for plaintiff's injuries. *Shields v. Morton Chemical Co.*, 95 Idaho 674, 518 P.2d 857 (1974).[4] Plaintiff's allegations of negligence were in the form of "failure to adequately warn of the dangers attendant upon the use" of the meat chopping machine. There was some evidence in the record which supported this allegation of Moore's negligence,[5] and, in fact, this issue was submitted to the jury. In any event, it appears that Moore was defending itself (and not Globe) against allegations of Moore's own negligence, as well as, against the allegations of its own strict liability and breach of warranty. We do not choose to speculate on whether or not Moore could have recovered indemnity from Globe for Moore's defense expenses had Moore been found liable for plaintiff's injuries. That question is not now before this court, and we do not decide it. We do not think that Moore is penalized by having to pay its own defense expenses in this case where it has successfully defended itself and by doing so has escaped liability.

Although we have distinguished the facts in the *Pender* case from those in our case, in any event, we respectfully decline to follow the decision in that case, and, instead approve the reasoning in the opinions of the California and North Dakota courts in *Davis* and *Conrad* as expressing sounder and more logical principles and results in cases involving facts and issues much like those in the case before us.

We hold that Moore cannot recover indemnification for its attorney fees and costs from Globe since Moore's defense expenses were incurred for Moore's benefit in defending itself against allegations of its own wrong-doing. This is especially true in view of the Idaho general rule that a party must pay its own attorney fees in the absence of a statute or a contract providing otherwise. Likewise, Moore cannot recover its attorney fees and costs incurred on this appeal.[6] *See Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

---

**4.** The Idaho Supreme Court in adopting the doctrine of strict liability as set forth in The Restatement of the Law, Torts 2d § 402A, stated:

"An examination of what appear to us to be the better reasoned cases leads us today to the adopting of the rule of strict liability in tort as it appears in The Restatement of the Law, Torts 2d, § 402A (1965):

'(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property *is subject to liability* for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.'" (Emphasis supplied). 518 P.2d at 859.

**5.** The record shows, *inter alia*, the following:

(a) Moore did not furnish written instructions or safety instructions to the plaintiff's employer other than those furnished by the manufacturer when it delivered the meat chopping machine.

(b) A representative of Moore went to the store where plaintiff was employed and gave an oral explanation and demonstration of the use of the machine to the manager and some employees. This explanation may or may not have been adequate.

(c) Globe sent warning labels to its distributors to be affixed to the machines. The distributors were to send these labels to retail sellers who in turn were to supply the labels to purchasers of the machine. Moore may or may not have been supplied with these labels and may or may not have failed to give these warning labels to purchasers of the machine.

**6.** In *Kelly-Springfield Tire Co. v. Mobil Oil Corp., supra,* the case cited by Moore in support of its contention that it was entitled to recover its costs and attorney fees on appeal, the award of attorney fees and expenses incurred on an appeal was based on an indemnity agreement between the parties and on an Oklahoma statute. Therefore, that case is clearly distinguishable from the instant case.

Accordingly, the judgment of the district court denying Moore indemnification for attorney fees and costs from Globe and dismissing Moore's cross-claim against Globe with prejudice is affirmed. Also, Moore's claim for attorney fees and costs incurred by it on this appeal is denied.

AFFIRMED.

It should also be noted here that the award of attorney fees and expenses under an indemnification theory does not include the expenses incurred to establish the right to such an award against the alleged indemnitor. *Flunker v. United States*, 528 F.2d 239 (9 Cir. 1975).