466 So.2d 342 (1985)
Julius A. OKUBOYE, M.D., Appellant,
v.
HUBERT RUTLAND Hospital a/K/a Gateway Community Hospital and Hartford Insurance Company, Appellees.
No. 84-959.
District Court of Appeal of Florida, Second District.
March 1, 1985.
Rehearing Denied April 8, 1985.
Thomas Saieva of Woodworth, Carlson, Meissner & Webb, St. Petersburg, for appellant.
*343 Kenneth L. Olsen of Miller, McKendree & Somers, Tampa, for appellees.
CAMPBELL, Judge.
Appellant, Julius A. Okuboye, M.D., appeals the trial court's entry of summary judgment for appellee, Hubert Rutland Hospital. Appellant's action below sought indemnification from appellee for attorney's fees and costs incurred by appellant in his successful defense of a prior medical malpractice action in which appellant and appellee were joint tortfeasors codefendants. We affirm.
The prior malpractice action was brought by a former patient of appellant upon whom he had performed a laminectomy at appellee's hospital facility. Appellant was a staff physician with surgical privileges at the hospital. Sometime after surgery, the patient experienced problems which were eventually diagnosed as being caused by two sponges which were not removed from the patient's body following surgery. The patient's malpractice complaint alleged in one count that the appellee hospital was negligent in that its employee medical assistants had failed to correctly count the number of sponges removed from her body following the surgical procedure. That same count also alleged that appellant was negligent in that he failed to observe and remove the sponges prior to closing the surgical wound.
A separate count of the malpractice complaint alleged negligence only against the appellant in regard to his post-operative care and failure to diagnose the cause of his patient's subsequent problems.
Prior to trial, appellee and the patient/plaintiff reached a settlement in regard to the claims alleged against the appellee hospital. Appellant, at the time, objected to appellee's separate settlement claiming indemnification from appellee for his (appellant's) expenses incurred in defense of the claims against him. Appellee refused to indemnify appellant. Subsequently, on the trial of the patient's remaining claims against appellant in the malpractice action, the trial court directed a verdict for appellant on the first count and the jury found for appellant on the remaining count. Appellant then instituted a separate action against appellee for indemnity for appellant's attorney's fees and costs incurred in the malpractice action. The trial judge entered summary judgment for appellee holding, as a matter of law, that appellant was not entitled to indemnification. This appeal followed.
In affirming the summary judgment for appellee, we first note that the count upon which the case was fully tried and submitted to a jury verdict involved appellant alone as the sole alleged tortfeasor. Therefore, there would be no right to indemnification from appellee for appellant's defense expenses under any circumstance where appellant's alleged negligent actions were purely post-operative and did not involve appellee.
In regard to the first count which appellee settled and for which a directed verdict was rendered for appellant, both were charged by the patient with being active tortfeasors. It is a recognized principle of law that the active or passive nature of a joint tortfeasor in an action for indemnity is not determined solely by the allegations of the complaint of the injured third party. Insurance Company of North America v. King, 340 So.2d 1175, 1176 (Fla. 4th DCA 1976). In this case, however, it is clear from the allegations of the patient's complaint in the malpractice action, as well as the allegations of appellant's complaint below and other parts of the record in the indemnity action, that the acts of appellant for which he was sought to be held accountable were active rather than passive acts. Therefore, while the principles of law cited in Insurance Company of North America v. King and Pender v. Skillcraft Industries, Inc., 358 So.2d 45 (Fla. 4th DCA 1978) are correct, the results in those cases do not determine the result to be reached here.
While Maybarduk v. Bustamante, 294 So.2d 374 (Fla. 4th DCA 1974) causes us some concern, we can distinguish Maybarduk on the pleadings. There, in his action for indemnity, Dr. Maybarduk successfully couched his complaint in terms so as to *344 depict his role as completely passive in nature and, therefore, avoid summary judgment or dismissal on the merits. Appellant below has not done so and we doubt seriously, Maybarduk to the contrary, that the lead surgeon in a surgical procedure could ever demonstrate a completely passive role involving an alleged negligent act directly connected with the surgical procedure under his supervision.
As the supreme court held in Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 493 (Fla. 1979), indemnity is a right which is available only when the whole fault is in the one against whom indemnity is sought. "Indemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors."
We are, of course, concerned here solely with an appellant, exonerated on the merits below, who seeks indemnity for his attorney's fees and costs. We are not dealing with the issue of contribution among joint tortfeasors.
Affirmed.
OTT, A.C.J., and LEHAN, J., concur.