BOOTH, Judge.
This cause is before us on appeal from a final judgment denying indemnity. Appellant CSX Transportation, Inc. (CSX) contends that the trial court erred in (1) holding that the contract at issue in this case did not require Becker Sand & Gravel Company (Becker) to indemnify CSX for its own negligence, and (2) in disregarding a stipulation between the parties. Finding merit in appellant’s second contention, we reverse.
On March 1, 1985, Seaboard System Railroad, Inc., CSX’s predecessor in interest, and Becker executed an agreement wherein Becker was allowed to construct and maintain a private railroad that crosses CSX’s right-of-way. In return, Becker undertook certain obligations, including the obligation to indemnify CSX for any damages arising out of Becker’s use of the right-of-way. The contract provided in pertinent part:
7. As part consideration for this agreement, Industry [Becker] agrees to assume all risk of damage to or loss of Industry’s property and to the person and property of Industry’s agents, servants, employees and invitees from any condition of Railroad’s property, and Industry agrees to indemnify, defend and save Railroad harmless at all times from and against any and all liability, loss, damage, expense, cause or causes of action, suits, judgments and claims whatsoever arising by reason of any damage to property or injury to, or death of, any person or persons resulting from any act or omission on the part of Industry, its agents, servants, employees, contractors or invitees or any operations of Industry hereunder or by reason of any breach, violation or nonperformance of any condition or covenant in this agreement on the part of industry to be observed or performed or by reason of Industry’s use or occupancy of Railroad’s property or any condition of said used or occupied property.
On February 10, 1986, an employee of CSX was injured when a railroad engine owned by Becker collided with a CSX train at the intersection which is the subject of the agreement. The employee brought suit against CSX[1] and Becker, alleging that both were negligent. CSX and Becker cross-claimed against each other, and CSX’s cross-complaint included a claim for indemnity under the agreement. The record indicates that had the case proceeded to trial on the employee’s claim, the employee would have been able to adduce some evidence that CSX was, to some degree, negligent. Becker, however, paid the employee $100,000 in settlement of the employee’s claims against both CSX and Becker. The employee executed a release as to both CSX and Becker.
CSX, however, continued to seek recovery from Becker under the indemnity agreement for attorney fees and costs which it incurred in defense of the employee’s claim. The case proceeded to trial on this claim only. Prior to trial, CSX and Becker executed a stipulation which provided:
It is stipulated by and between Becker and CSX that Becker does not contend that CSX was negligent in the operation or maintenance of its train at the time and place of the accident in this cause.
The trial court identified the issue as whether the indemnity agreement required Becker to indemnify CSX for its own negligence. The trial court found, in interpreting paragraph 7 of the indemnity agreement, that the agreement contained no clear language requiring Becker to indemnify CSX for its own negligence. Although the court indicated that it had considered that Becker was not contending that CSX was negligent, the court found that there was evidence in the record from which a *904 finder of fact could have concluded that CSX was negligent. Accordingly, the trial court entered judgment for Becker.
We affirm the trial court’s holding that the contract does not require Becker to indemnify CSX for its own negligence. In order for an indemnity agreement to require indemnity against the indemnitee’s own negligence, the agreement must contain a specific provision protecting the in-demnitee from liability for its own negligence. Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Company, 374 So.2d 487, 489 (Fla.1979); University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507, 511 (Fla.1973). The instant contract contains no such provision.
We reverse, however, the trial court’s holding that CSX is not entitled to recover its attorney fees and costs from Becker under the agreement. In order to establish its right to indemnity from Becker, CSX had to plead and prove those ultimate facts showing the relationship of the parties, the basis for the liability, and the damages incurred. Vermont Mutual Insurance Company v. Cummings, 372 So.2d 990, 991 (Fla. 2d DCA 1979); Dunham-Busch, Inc. v. Thermo-Air Service, Inc., 351 So.2d 351, 352 (Fla. 4th DCA 1977). CSX therefore had the burden to plead and prove that it entered into an indemnity agreement with Becker, that it incurred damages which were within the scope of the indemnity agreement (i.e., incurred attorney fees and costs defending a claim which arose out of Becker’s use of the crossing), and that Becker had refused indemnity. Becker had the right to plead and prove, as an affirmative defense, that CSX had, in whole or part, negligently caused the accident. The stipulation, however, prevented Becker from establishing this affirmative defense. CSX was therefore entitled to indemnity for its attorney fees and costs.
We reject Becker’s argument that the employee’s complaint, which alleged that CSX was negligent, alone defeats CSX’s right to indemnity. It is the indem-nitee’s actual wrongdoing or lack of it, rather than the allegations of wrongdoing, which determine the indemnitee’s rights. American Home Insurance Company v. City of Opa-locka, 368 So.2d 416, 419 (Fla. 3d DCA 1979); Pender v. Skillcraft Industries, Inc., 358 So.2d 45 (Fla. 4th DCA 1978); Insurance Company of North America v. King, 340 So.2d 1175, 1176 (Fla. 4th DCA 1976); Seaboard Coastline v. Brown, 297 So.2d 843, 844 (Fla. 2d DCA 1974). Contrary to Becker’s argument, Okuboye v. Hubert Rutland Hospital, 466 So.2d 342, 343 (Fla. 2d DCA 1985), does not establish a contrary rule. In Okuboye, the allegations of the complaint for indemnity established that the plaintiff was seeking indemnity for expenses incurred in the defense of a claim which was based upon the plaintiffs own acts.
The final judgment denying indemnity is therefore reversed, and this cause is remanded with directions to enter judgment for CSX.
MINER, J., and WENTWORTH, Senior Judge, concur.

. The employee’s claim against CSX was predicated on the Federal Employer's Liability Act, Title 45 U.S.C.A. § 51.