634 So.2d 726 (1994)
TIME INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
James T. NEUMANN, Weekes & Callaway, Inc., and Allan Dubois, Appellees/Cross-Appellants.
No. 92-2230.
District Court of Appeal of Florida, Fourth District.
March 23, 1994.
Rehearing Denied April 27, 1994.
*727 Daniel M. Bachi and Bard D. Rockenbach of Sellars, Supran, Cole, Marion & Espy, P.A., West Palm Beach for appellant/cross-appellee.
Melvin Wm. Buetens of Buetens & Buetens, Attys., Hobe Sound, and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellee/cross-appellant-James T. Neumann.
William W. Price of Reid, Price, Hafele & Cameron, P.A., West Palm Beach, for appellees/cross-appellants-Weekes & Callaway, Inc. and Allan DuBois.
STEVENSON, Judge.
This is an appeal from a directed verdict finding that the insurer breached a health insurance contract by failing to provide coverage. We affirm in part and reverse in part.
The salient facts are not in dispute. On February 23, 1989, Fred Neumann, contacted Allan DuBois about purchasing health insurance for his son, James Neumann. DuBois was employed by Weekes & Callaway, Incorporated, which contracted with Time Insurance Company ("Time"), among other insurance companies, to solicit insurance. DuBois filled out a Time application for Neumann with a requested policy date of March 15, 1989. DuBois forwarded the completed application and initial premium payment to Time and told Neumann's father that coverage was effective immediately.
On April 19, 1989, a representative of Time called DuBois on the telephone and told him that Time wanted Neumann to take a medical examination and had requested one on April 3, 1989. Having received no written request or form, DuBois wrote Time for clarification but did not notify Neumann about the requested exam. Five days later, DuBois learned that Neumann was seriously *728 injured in an automobile crash. Time refused coverage because no medical examination had been performed. Neumann sued Time for breach of contract and for negligent delay in issuing a policy, and Weekes & Callaway and DuBois for failure to obtain insurance coverage and for negligence. Weekes & Callaway and DuBois filed a cross-claim against Time alleging common law indemnity, contribution and contractual indemnity. Time responded with a counterclaim against Weekes & Callaway and DuBois alleging the same claims (common law indemnity, contribution and contractual indemnity). The trial court entered partial summary judgment in favor of Neumann on liability and reserved the issues of (1) which defendant(s) would be liable and (2) damages for trial.[1]
Subsequently, the case was set for jury trial. At the conclusion of the evidence, the trial court granted the following directed verdicts: (1) in favor of Neumann and against Time finding a breach of the insurance contract; (2) in favor of Weekes & Callaway and DuBois finding no breach of contract to procure insurance coverage; (3) in favor of Weekes & Callaway and DuBois finding no negligent failure to procure insurance; (4) in favor of Time finding no negligent delay in issuing the policy; (5) in favor of Weekes & Callaway and DuBois on their claim for indemnity against Time; and, (6) in favor of Weekes & Callaway and DuBois on Time's claim for indemnity. Time appeals; Neumann, DuBois and Weekes & Callaway cross-appeal.
We affirm the trial court's directed verdict finding that the effective date of coverage was the requested policy date of March 15, 1989. The documents under which the trial court found coverage are the Application and the Conditional Receipt. The Application provides in part as follows:
I represent to the best of my knowledge and belief that all statements and answers on this application and any medical exam are complete and true. The medical exam (if required) shall be part of the application. I also agree that:
Except as otherwise provided in the Conditional Receipt, the insurance, if approved by Time, will be in force only when issued by Time and received and accepted by the Insured. The first full premium must be paid... . The policy may be effective prior to the policy delivery if the terms of the Conditional Receipt are met... . If the requirements herein are satisfied, Coverage will become effective on the later of: (1) The requested policy date; (2) The date of the application; or (3) The date of the medical exam, if required.
The Conditional Receipt provides in part that:
The conditions under which insurance, for which payment(s) under Life and/or Health above is intended, may become effective prior to policy delivery, are as follows:
(1) The proposed Insured(s) must be, on the Effective Date as HEREINAFTER DEFINED, a risk acceptable to the Company under its rules, standards and practices for the exact policy and premium applied for, without any modification.
(2) The amount of the payment taken with the application must be equal to the amount of the first full premium payment selected.
(3) The policy is issued exactly as applied for within 60 days from the date of the application. If the policy is not issued within 60 days from the date of the application, then this condition has not been fulfilled and there will be no coverage provided under the terms of this conditional receipt. Any coverage provided by the Conditional Receipt ends when the policy is delivered.
If each and every one of the above conditions shall have been fulfilled, then the insurance as provided by the terms and conditions of the policy applied for will become effective on the Effective Date prior to the policy delivery... .

*729 "Effective Date" as used herein means the later of: (a) the date the application is signed; (b) the date of completion of all medical examinations, if required; and (c) the Requested Policy Date shown on the application by the Company.
... .
According to the application and conditional receipt, there were three points in time at which the policy could become effective prior to actual delivery of the policy  the later of (1) the date the application was signed; (2) the date of completion of all medical examinations, if required; of (3) the requested policy date. While seemingly straightforward, a careful analysis of the contract documents reveal that they are ambiguous and susceptible of several reasonable interpretations with regard to the insurer's privilege to require a medical examination. For instance, it is clearly contemplated that the insurer may request such an examination, but it is less clear when this demand would need to be asserted. The application repeatedly referred to the "medical examination, if required", (emphasis added) and contained within it a space for scheduling a medical examination, but this space was left blank.[2] One interpretation of the application and conditional receipt is that no medical exam is required where the exam is not requested at the time the application is completed. This is certainly a reasonable interpretation where the application leaves blank the very space which is contained therein to notify the insured that the examination is to be completed by a person or entity on a given date and time. Ambiguities in an insurance policy must be strictly construed against the insurer and in favor of coverage. Triano v. State Farm Mut. Auto. Ins. Co., 565 So.2d 748 (Fla. 3d DCA 1990). Further, if the facts are not in dispute and there is an ambiguity within the policy, it is within the province of the trial judge to resolve the ambiguity as a matter of law. Ellenwood v. Southern United Life Ins. Co., 373 So.2d 392 (Fla. 1st DCA 1979).
We reverse the trial court's entry of a directed verdict requiring Time to indemnify Weekes & Callaway and DuBois for costs and attorneys fees in this action. There was no contractual provision allowing indemnity against Time. Weekes & Callaway and DuBois rely on Pender v. Skillcraft Indus., Inc., 358 So.2d 45 (Fla. 4th DCA 1978) as authority for the trial court's directed verdict on their cross-claim for common-law indemnity against Time. In Pender, an action was brought against (1) Dade Wholesale Products, Inc., as the retail seller of a defective clamp-on light that contributed to the electrocution of the decedent and (2) against Aetna Manufacturing Company as the manufacturer of the defective product. Because there was no evidence that the retailer knew or should have known of the defect in the product, Dade Wholesale was exonerated of liability. Aetna, as manufacturer, was found liable. This court reversed the lower court's denial of Dade Wholesale's cross-claim for indemnity against Aetna and state: "We ... hold that if a retailer would clearly be entitled to indemnification of attorney's fees and court costs if it had lost in the main action and had a judgment rendered against it (for passive negligence, breach of implied warranty, or strict liability), then it will be equally entitled to such indemnification in the event that it should successfully defend itself in the main action." Id. at 47.
Weekes and Callaway's reliance on Pender is misplaced. The holding in Pender was clearly based upon the fact that the defendant was forced to defend itself in an action because of the judicially determined negligence of the manufacturer. Neumann's claims against Weekes & Callaway and DuBois were predicated on their own alleged acts of negligence and breach of contract and did not arise out of alleged negligence and breach of duty of Time. Indemnity lies to insulate the passive participant from claims which rightly should be paid by the active wrongdoer. Stated differently, an indemnity right exists when one is left open to liability due to the wrongful acts of another. Stuart *730 v. Hertz, 351 So.2d 703 (Fla. 1977); Houdaille Indus. v. Edwards, 374 So.2d 490 (Fla. 1979). In this case, there was no cause of action stated against Weekes & Callaway and DuBois that sought to hold them liable because of Time's misconduct. Furthermore, unlike the facts in Pender, neither Weekes & Callaway and DuBois nor Time were found to be guilty of acts of negligence. In dismissing all of the negligence claims, the court left no basis for a finding of common law indemnity.
Therefore, we hold that directed verdict should have been entered in favor of Time on Weekes & Callaway's and DuBois' claim for indemnity.
We have carefully considered the remaining issues raised on appeal and in the cross-appeals and find that they reveal no error by the trial court.
Accordingly, we affirm in part, reverse in part and remand.
DELL, C.J., and POLEN, J., concur.
NOTES
[1] This partial summary judgment was appealed and affirmed on May 27, 1992. Time Ins. Co. v. Neumann, 600 So.2d 1125 (Fla. 4th DCA 1992).
[2] The application contained the following:
 MEDICAL EXAMINATION NOTICE: To be
 completed by:
 ______ on ____________