Carter Ray SCOTT et al., Appellants,

v.

William Carlton FANCHER et al., Appellees.

No. 23562.

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1966.

Eugene Sherrod, Jr., Wichita Falls, Tex., Albert P. Smith, Lubbock, Tex., William T. Brownlee, Perryton, Tex., Eugene Sherrod, Jr., Nelson & Sherrod, Wichita Falls, Tex., for appellants.

Royal H. Brin, Jr., Dallas, Tex., C. Coit Mock, Wichita Falls, Tex., J. Mike Joplin, Dallas, Tex., Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., for appellees, William Carlton Fancher, American Petrofina Co. of Texas and United States Fire Ins. Co.

Donald Royse, Royse & Meacham, Elk City, Okl., Larry Lambert, Jones, Fillmore, Robinson & Lambert, Wichita Falls, Tex., for appellees E. L. Short and wife, Sarah Short, individually and E. F. Short, administrator of the estate of Tommy Clifton Short, deceased.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

GEWIN, Circuit Judge:

This personal injury case arose out of a three truck collision involving trucks operated by William C. Fancher, a Texas resident, Ray Scott, an Oklahoma resident, and E. F. Short, an Oklahoma resident. The collision took place in Texas. The truck driven by Fancher was traveling north on U. S. Highway 287 and the two Oklahoma trucks were traveling south. The truck driven by Fancher was owned by American Petro-Fina Company of Texas (Petro-Fina), a corporation organized under the laws of Texas. As a result of a head-on collision between the Petro-Fina truck and the Scott truck, the Petro-Fina truck turned on its side, slid across the highway and collided with the truck driven by Short which had been traveling some distance behind and in the same direction as the Scott truck. Fancher was seriously injured and Short was killed in the accident. Scott suffered only mild injuries. The administrator of Short's estate brought suit against Fancher, Petro-Fina, and Scott in an Oklahoma state court. Service of process was not perfected on Fancher in the Oklahoma state court action. Petro-Fina and Fancher filed this suit in the United States District Court for the Northern District of Texas alleging negligence on the part of both Scott and Short. Scott counterclaimed against Petro-Fina and Fancher, and the administrator of Short's estate filed a counterclaim against Petro-Fina and Fancher and a cross-claim against Scott. Jurisdiction was based on diversity of citizenship. The jury absolved Fancher, Petro-Fina, and Short of liability and returned a verdict against Scott. Judgment was entered against Scott in accordance with the verdict. Scott appeals from that judgment alleging that the district court was without jurisdiction as to both the original action and the cross-claim by Short's administrator against Scott, because the requisite diversity of citizenship was lacking; and further, that the testimony of one of his witnesses, presented as an expert, should have been admitted.

Scott asserts that a proper alignment of the parties would cast Scott and Short as opposing parties because

under no theory of the facts could Short have been found at fault. Thus, he concludes, the district court was without jurisdiction because Short and Scott are both Oklahoma residents. Re-alignment of the parties is to be accomplished on the basis of the facts available at the commencement of the action. Petro-Fina and Fancher had charged both Scott and Short with negligence and at that time it could not be said that the allegations were baseless. Accordingly, no re-alignment was required. Texas Pac. Coal & Oil Co. v. Mayfield, 152 F.2d 956 (5 Cir. 1946).

■ We also reject Scott's contention that Short's cross-claim against Scott was not ancillary to the original suit and therefore required an independent jurisdictional base. Short's cross-claim arose out of the same transaction and involved the same parties as did the original action. In such cases jurisdiction rests with the primary suit. Childress v. Cook, 245 F.2d 798 (5 Cir. 1957); Collier v. Harvey, 179 F.2d 664 (10 Cir. 1949).

■■ Scott further argues that since there was an action pending in the Oklahoma state courts, Short's action in the federal court against Fancher, Petro-Fina and Scott was a permissive counter-claim rather than a compulsory one. He bases his argument on the language of Rule 13(a) which provides that claims arising out of the same transaction or occurrence "need not be so stated if at the time the action was commenced the claim was the subject of another pending action." Fed.R.Civ.P. 13(a). This language, he asserts, converts the counterclaim into a permissive one and requires that an independent jurisdictional base

exist. It is argued that since Scott and Short are both Oklahoma residents the court was without jurisdiction. We need not determine, however, whether the pendency of an action in another court alters the jurisdictional requirements of counterclaims which would otherwise be compulsory counterclaims because under Rule 13(a) Short counterclaimed only against Petro-Fina and Fancher, both Texas residents.[1] The action against Scott was a cross-claim under Rule 13(g), and since we have held that action to be ancillary to the primary suit, no independent jurisdictional grounds are required. The rule is clearly stated in Wright, Federal Courts, (1963) at p. 307:

"By definition cross-claims must be closely related to the existing action. Thus they are always treated as within the ancillary jurisdiction of the court, and independent jurisdictional grounds are not required nor can there be any venue objection."

■■ We are unable to agree with the contention of the appellants that the trial court committed error in excluding the testimony of the lay witness who was offered as an expert to give his opinion as to the point on the highway where the collision occurred and as to the angle and manner in which the first two trucks collided. Generally, the admission of such tendered expert testimony is a matter within the sound discretion of the trial court, and the action of the trial court in admitting or excluding such evidence will be sustained unless clearly and manifestly erroneous. There was no abuse of discretion in this case. Reagin v. Sinclair Refining Company, 319 F.2d 363, 364 (5 Cir. 1963); Miller's Nat. Ins. Co., Chicago, Ill. v. Wichita Flour

1. A counterclaim is defined by Rule 13(a) as an action against an opposing party, while a cross-claim under Rule 13(g) is an action against a co-party. Professor Wright has noted that some confusion has resulted in the use of these terms:

"The courts have not always distinguished clearly between a cross-claim and a counterclaim, and have used one name where the other is proper under the rules, perhaps because in some states, and in the old equity practice, the term cross-complaint or cross-bill is used for what the rules regard as a counterclaim. Under Rule 13 a counterclaim is a claim against an opposing party, while a cross-claim is against a co-party."

M. Co., 257 F.2d 93, 100, 76 A.L.R.2d 385 (10 Cir. 1958).

We have carefully considered all of the contentions of the appellants and find no merit in them.

The judgment is affirmed.