Don D. MASEDA and Maria Maseda, his wife, individually and as Guardian of Don D. Maseda, Plaintiffs,

v.

HONDA MOTOR COMPANY, LTD., a foreign corporation and American Honda Company, Inc., a foreign corporation, Defendants–Appellees,

The Packer Corporation d/b/a Packer Pontiac of Miami, Defendant–Appellant.

Nos. 87–5866, 88–5015.

United States Court of Appeals, Eleventh Circuit.

Dec. 19, 1988.

Betsy E. Gallagher, Robert B. Brown, III, Kubicki, Bradley, Draper, Gallagher & McGrane, P.A., Miami, Fla., for defendant-appellant.

Sharon Lee Stedman, Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando, Fla., for Honda Motor Co., Ltd.

* Honorable Joel F. Dubina, U.S. District Judge for the Middle District of Alabama, sitting by designation.

Before HILL and FAY, Circuit Judges, and DUBINA *, District Judge.

FAY, Circuit Judge:

This appeal concerns the harmonious function of our parallel system of justice. The plaintiffs initially filed this product liability suit in state court against several defendants. One defendant cross-claimed against another defendant for indemnity. Thereafter, the plaintiffs voluntarily dismissed their claims against the cross-claimant which permitted the remaining defendants to remove the case to federal district court. The dispositive question presented by this appeal is whether the federal district court had subject matter jurisdiction after removal to rule on the cross-claim and therefore properly enjoined the state court from enforcing its subsequent ruling on the cross-claim. Because we find that the cross-claim was within the federal district court's ancillary jurisdiction and the entire case including the cross-claim was removed to the federal court, the filing of the removal petition stayed the state court proceedings and the state court was without jurisdiction to rule on the cross-claim. Further, the anti-injunction statute, 28 U.S.C. § 2283, permits a federal court to enjoin a state court from proceeding in a removed case. Hence, the federal court properly enjoined the state court. In ruling on the cross-claim, however, the district court denied attorney's fees to the cross-claimant. Under Florida law, neither a settlement between the indemnitor and the plaintiff nor an indemnitee's exoneration negate the right to indemnification. Thus, the district court erred when it denied attorney fees. Therefore, we affirm in part, reverse in part and remand to the district court to assess the fees and costs due the cross-claimant/appellant.

I. Background

Plaintiffs Don and Maria Maseda of Florida filed a product liability suit in Florida

state court against The Packer Corporation d/b/a Packer Pontiac of Miami (Packer), a Florida corporate citizen, Honda Motor Co., Ltd. (Honda), a Japanese corporate citizen, and several other nonresident defendants.[1] Packer asserted a cross-claim against Honda for indemnity claiming that its liability would be of a vicarious nature based on its relationship with Honda as a retailer of cars manufactured by Honda. The state trial judge granted summary judgment in favor of Packer on its indemnity cross-claim and retained jurisdiction to assess attorney's fees and costs.

Eventually, the plaintiffs voluntarily dismissed their claims against Packer which enabled Honda and the remaining defendants to remove the case to federal district court on the basis of diversity jurisdiction on September 9, 1985. The parties settled just prior to trial and the plaintiffs claims were dismissed with prejudice. On July 24, 1987, Packer filed a motion in federal district court to assess attorney's fees. On August 14, 1987, Packer filed the same motion in state court. On September, 2, 1987, the district court denied Packer's motion for attorney's fees reasoning that assessing attorney's fees required a final judgment of liability against Honda. On October 27, 1987, the state trial judge held a hearing on Packer's motion. Despite Honda's argument that the prior federal court ruling on the motion constituted res judicata, the state court judge granted $72,000 in attorney's fees to Packer. In concluding the cross-claim was not subject to removal and thus had remained within its jurisdiction, the state court reasoned that Packer had been dismissed from the case by the plaintiff before removal and that Packer as a Florida corporate citizen would have destroyed the federal court's diversity jurisdiction. Further, the state court reasoned it had "reserved" jurisdiction when it issued summary judgment on the cross-claim. Two weeks later, on November 10, 1987, the federal district court heard Honda's emergency motion to enjoin the state court from enforcing its judgment for attorney's fees. The district court granted the injunction. On this appeal, Packer challenges the federal district court's: 1) jurisdiction to rule on the cross-claim; 2) injunction preventing the state court from enforcing its award of attorney's fees;[2] and 3) ruling denying attorney's fees.

## II. Jurisdiction Upon Removal

When a removal petition is filed and proper notice is given, the entire case is transferred to the federal district court. *IMFC Professional, Etc. v. Latin Am. Home Health*, 676 F.2d 152, 158 (5th Cir. 1982);[3] *Argano v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1375 (5th Cir. 1980); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir.1962);[4] Further, the remand statute, 28 U.S.C. § 1447(c), provides that remand is appropriate only where the federal court lacks jurisdiction over the case. *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). Hence, in determining the district court's authority to rule on Packer's cross-claim, we first address whether the cross-claim remained part of the case after the plaintiffs voluntarily dismissed Packer and was within the federal court's jurisdiction so that it was transferred to the federal

1. The plaintiffs also named the following corporations as defendants: American Honda Motor Company, Inc., Hartford Accident and Indemnity Co., Tokio Marine and Fire Ins. Co., Ltd., and the Insurance Company of the State of Pennsylvania. All these corporations are considered foreign corporate citizens for diversity purposes.

2. Packer first appealed the federal district court's denial of attorney's fees in case # 87–5866. Later, Packer also challenged the district court's injunction in case # 88–5015.

This court consolidated the two cases for review.

3. This case was a former Fifth Circuit, Unit B, case. Decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981, are binding precedent in this circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982).

4. The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

court upon removal.[5]

■ Packer contends the cross-claim was not subject to removal since the summary judgment on indemnity and the voluntary dismissal of the plaintiffs' claims against Packer terminated its involvement in the case. In essence, Packer argues that the order granting summary judgment in which the state court reserved jurisdiction precluded the federal court from ruling on the claim. Packer misinterprets the significance of the summary judgment and voluntary dismissal. First, a federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal. *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 437, 94 S.Ct. 1113, 1123, 39 L.Ed.2d 435 (1974); *Ex parte Fisk*, 113 U.S. 713, 5 S.Ct. 724, 28 L.Ed. 1117 (1885); 28 U.S.C. § 1450. Additionally, a state court judgment in a case removed to federal court does not foreclose subsequent proceedings in the case in federal court. *E.D. Sys. Corp. v. Southwestern Bell Tel. Co.*, 674 F.2d 453 (5th Cir.1982).[6] In this case, the state court's summary judgment on Packer's indemnity cross-claim did not foreclose a modification of that judgment by the federal court. In fact, all aspects of the claim were not conclusively decided. The state court indicated that further judicial proceedings were needed to assess the amount of attorney's fees due. Furthermore, while the state court "retained" jurisdiction over the cross-claim, this did not defeat the claim's removal since removal is within the exclusive power of the defendant. 28 U.S.C. § 1441. Consequently, the district court had the authority to rule on the indemnity claim despite the state court's summary judgment.

■ Second, the plaintiffs' dismissal of their claims against Packer did not remove the cross-claim from the case. While it is true that a nondiverse defendant must be formally dismissed from the case to permit a subsequent removal, this in effect requires only that the plaintiff dismiss all his claims asserted against the nondiverse defendant and does not prevent the federal court from exercising ancillary jurisdiction over a third-party claim against a defendant or a cross-claim between defendants. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978);[7] C. Wright & A. Miller, *Federal Practice and Procedure* § 1433

5. We are aware of the line of cases which indicate that once a final judgment is rendered, a federal court need not analyze whether the case was within the court's jurisdiction at the time of removal. Rather, a court should analyze simply whether original jurisdiction existed over the case at the time the court entered the judgment. *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972). This case, however, presents a unique situation because the plaintiffs dismissed their claims against Packer prior to removal. Since Packer argues that its claim did not remain a part of the case subject to removal, we address the question of whether the claim was properly removed to federal court with the rest of the case.

6. Packer relies on the federal district court decision in *Thorp Fin. Corp. v. Lehrer*, 587 F.Supp. 533 (E.D.Wis.1984) to support its proposition that once a summary judgment was granted on Packer's cross-claim, the cross-claim was not subject to removal. *Thorp*, however, involved an entirely different situation. In *Thorp*, the court held that removal of an entire case is improper after a state court has entered a final summary judgment for the plaintiff and has dismissed the defendant's counterclaims. In ef-

fect, the summary judgment and dismissal ends the whole controversy between the parties. By contrast, in this case, the summary judgment on the indemnity claim did not fully resolve the entire case; rather it resolved just one claim out of several asserted in the case. Moreover, the summary judgment in this case did not fully resolve the indemnity issue. Hence, we are not persuaded that *Thorp* in any way precluded the district court in this case from ruling on the indemnity cross-claim.

7. While ancillary claims asserted between defendants which lack independent jurisdictional grounds may be heard in federal court, claims asserted by the plaintiff which defeat the requirement of complete diversity will not be permitted. In *Kroger*, the Supreme Court held that while a diverse defendant could implead a nondiverse third-party defendant, the plaintiff could not assert a claim against the nondiverse third-party defendant. To do so would encourage plaintiffs to sue only the diverse defendants and wait for these defendants to implead the nondiverse parties involved, thus defeating the complete diversity requirement.

(1971).[8] Therefore, while the plaintiffs voluntarily dismissed their claims against Packer, Packer did not dismiss its claim against Honda and the indemnity claim remained part of the case subject to removal.

■ Packer also argues that if the federal district court exercises jurisdiction over its claim, the court's diversity jurisdiction will be destroyed. We disagree. Once a court has jurisdiction over a main claim, it also has jurisdiction over any claim ancillary to the main claim, regardless of the amount in controversy, citizenship of the parties or existence of a federal question in the ancillary claim. *Eikel v. States Marine Lines, Inc.,* 473 F.2d 959, 965 (5th Cir.1973) (citing 1 *Moore's Federal Practice* § 0.90[3] ); *Scott v. Fancher,* 369 F.2d 842 (5th Cir.1966); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1433 (1971). A cross-claim for indemnity is typically considered within the federal court's ancillary jurisdiction since it arises from the same operative facts as the main claim. *Stamford Board of Education v. Stamford Education Assoc.,* 697 F.2d 70, 72 (2nd Cir.1982); *Scott, supra,* 369 F.2d at 844; *see also Owen Equipment & Erection Co. v. Kroger, supra,* 437 U.S. at 375, 98 S.Ct. at 2403. (jurisdiction over nonfederal claims is often upheld in situations of impleader, cross-claims or counterclaims).[9]

■ In this case, the removal of and jurisdiction over the plaintiffs' product liability claim is not contested. With the removal of the main claim, the indemnity claim fell within the federal court's ancillary jurisdiction. Not only did the main

action and cross-claim arise from the same operative facts, but they also were logically interdependent. Packer's claim for indemnity depended in part upon the resolution of the main claim. If Honda had been exonerated of liability, indemnity would not have been appropriate. *Castle Constr. Co. v. Huttig Sash and Door Co.,* 425 So.2d 573, 575 (Fla. 2d D.C.A.1982); *Maple Chair Co. v. W.S. Badcock Corp.,* 385 So. 2d 1036 (Fla. 1st D.C.A.1980); *Papas v. Kohler Co., Inc.,* 581 F.Supp. 1272, 1274 (M.D.Pa.1984). Therefore, since Packer's claim falls within the district court's ancillary jurisdiction, it was removed to the federal court with the main action.

### III. Jurisdiction After the Dismissal of the Main Claim

■ Although the removal of the cross-claim was proper, the issue remains whether the federal court lost its jurisdiction when the plaintiffs and Honda settled. Typically, the propriety of removal is evaluated at the time the petition for removal is filed. *In re Carter,* 618 F.2d 1093, 1101 (5th Cir.) *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1980). However, we have recognized that the remand statute, § 1447(c) permits a case's reexamination after the time of removal to determine whether jurisdiction has been lost due to post-removal developments. *IMFC Professional, Etc. v. Latin Am. Home Health,* 676 F.2d 152, 157 (5th Cir.1982). Indeed, in discussing pendent jurisdiction the Supreme Court indicated that where the main claim out of which the cross-claim arises is dismissed early in the litigation, perhaps

---

**8.** Packer also argues that its claim is not a typical indemnity claim asserted between codefendants falling within the federal court's ancillary jurisdiction since in federal court, Packer no longer retained the status of a defendant. We do not believe Packer's loss of status as a defendant affected the character of its claim against Honda to a degree to remove it from the court's ancillary jurisdiction. Even if Packer is better classified as an intervenor of right, an intervenor of right may assert a cross-claim without an independent jurisdictional basis. *Consolo v. Federal Maritime Comm'n,* 383 U.S. 607, 617 n. 14, 86 S.Ct. 1018, 1025 n. 14, 16 L.Ed.2d 131 (1966).

**9.** We note also that generally, dismissal of the principal action does not deprive the federal court of jurisdiction to rule on a compulsory counterclaim. *Kirby v. American Soda Fountain Co.,* 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911 (1904). This rule may be applied by analogy to cross-claims. 3 J. Moore, *Moore's Federal Practice,* § 13.36 (1971). Cross-claims, like compulsory counterclaims, are ancillary to the main claim because they arise out of the same transaction and occurrence as the main action. Fed. R.Civ.Pro. 13(a) & (g). To require an automatic remand upon dismissal of the main action would weigh against the policy considerations of judicial economy. *IMFC Professional, Etc., supra,* 676 F.2d at 159.

the court also should dismiss the cross-claim if no diversity of citizenship exists between the codefendants and the cross-claim arises under state law. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

 In this case, the district court properly retained jurisdiction over the cross-claim. After the main diversity claim was dismissed, the federal court's jurisdiction was supported by independent jurisdictional grounds. Diversity of citizenship existed between Packer and Honda since Packer was a citizen of Florida and Honda was a citizen of Japan. 28 U.S.C. § 1332(a)(2). Moreover, we believe that even if the court's jurisdiction was not supported by independent jurisdictional grounds, the district court could have properly retained jurisdiction. Whether to maintain jurisdiction over a cross-claim after a main diversity claim is dismissed involves issues similar to the discretionary question under pendent jurisdiction. See 3 Moore, *Moore's Federal Practice* § 13.36 (1971). Like a federal question claim under pendent jurisdiction, a diverse claim confers jurisdiction to the district court over claims otherwise outside its jurisdiction. With dismissal of a main diversity claim, whether an ancillary claim should be retained should be governed by considerations of judicial economy, convenience and fairness to litigants. *Gibbs, supra*, 383 U.S. at 726, 86 S.Ct. at 1139; *IMFC Professional, Etc., supra*, 676 F.2d at 160; *Mayer v. Chase Nat'l Bank of City of New York*, 165 F.Supp. 287, 292 (S.D.N.Y.1958). In this case, since independent grounds exist to support the federal court's jurisdiction, we need not decide whether retaining jurisdiction of the cross-claim was in the best interests of judicial economy, convenience and fairness to litigants.

**IV. The Anti–Injunction Act**

 Packer also contends that the anti-injunction statute, 28 U.S.C. § 2283, prohibits the federal court from enjoining the state court's enforcement of its judgment. The Anti–Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate it judgments. 28 U.S.C. § 2283 (1978).

This statute acts as a complete prohibition against a federal court injunction of state court proceedings, unless the injunction falls within one of the exceptions specifically set forth in the statute. *Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977). Prior to 1948, the bankruptcy exception was the only one defined in the statute. However, in 1949, Congress amended the anti-injunction statute by adding the phrase "in aid of its jurisdiction." The purpose of this amendment was "to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts." *See* Revisor's Note to 1948 Revision of Anti–Injunction Act, 28 U.S.C. § 2283, p. 377. Indeed this exception was necessary for the removal statutes to be given their intended scope because § 1446(e) expressly provides that upon removal "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(e).[10] Hence, after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. *Steamship Co. v. Tugman*, 106 U.S. 118, 122, 1 S.Ct. 58, 60, 27 L.Ed. 87 (1882).[11] Any subsequent proceedings in

---

10. The relevant section of the removal statute provides: "Promptly after the filing of such [removal] petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(e).

11. Since *Steamship Co.* was decided, the removal statute 28 U.S.C. § 1446 was amended. Under the amendment, the filing of a removal petition terminates the state court's jurisdiction until the case is remanded, even in a case improperly removed. *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir.), *cert. denied*, 355 U.S. 842, 78 S.Ct. 65, 2 L.Ed. 52 (1957). Thereafter, it is the federal district court's duty to determine wheth-

state court on the case are void *ab initio.* *Steamship Co., supra,* 106 U.S. at 122, 1 S.Ct. at 60.[12] Several court decisions also have recognized the power of federal courts to enjoin state courts from proceeding in a removed case. *Adair Pipeline Co. v. Pipeliners Local Union No. 798,* 325 F.2d 206 (5th Cir.1963); *E.D. Systems Corp. v. Southwestern Bell Telephone Co., supra,* 674 F.2d at 458; *Hyde Park Partners, L.P. v. Connolly,* 839 F.2d 837, 842 (1st Cir.1988); *Bean v. Clark,* 226 Miss. 892, 85 So.2d 588 (1956). Therefore, the Anti–Injunction Act did not prohibit the district court from enjoining the state court from enforcing its judgment.

In concluding that the district court properly enjoined the state court, we distinguish this case from *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986). In *Parsons,* the plaintiffs commenced both an action in state court alleging fraud and a parallel action in federal district court alleging a violation of the Bank Holding Company Act. The same operative facts formed the basis for the claims asserted in both courts. The federal court proceeded to trial and entered a judgment n.o.v. for the defendant. Thereafter, the state court ruled that the federal court judgment did not constitute res judicata to bar the plaintiffs from pursuing their fraud claims in state court. Subsequently, the state court entered a judgment for the plaintiffs and the defendant returned to the federal court to enjoin enforcement of it. The federal district court granted the injunction pursuant to the exception in the anti-injunction statute which permits an injunction where necessary to protect a prior federal court judgment. On appeal, this court upheld the injunction, *Parsons Steel, Inc. v. First Alabama Bank of Montgomery,* 679 F.2d 242 (11th Cir.1982), and the Supreme Court reversed. *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986).

In analyzing whether the district court was permitted to issue the injunction, the Supreme Court construed the Full Faith and Credit Act in light of the relitigation exception to the anti-injunction statute. The Full Faith and Credit Act requires federal and state courts to give state judicial proceedings "the same full faith and credit ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. The relitigation exception permits a federal court to enjoin a state court "where necessary ... to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court concluded that to harmonize the relitigation exception with the Full Faith and Credit Act, a federal court's use of the relitigation exception is limited to "those situations in which the state court has not yet ruled on the merits of the res judicata issue." *Parsons, supra,* 474 U.S. at 524, 106 S.Ct. at 772. Once a state court concludes that a prior federal court judgment does not constitute res judicata to preclude further state court proceedings and the state court enters a judgment, the Full Faith and Credit Act becomes applicable. The federal court then must look to state law to determine the preclusive effect of the state court's decision and an injunction is no longer permissible under the relitigation exception of the Anti–Injunction Act. *Id.*

In the instant case, the state court held that the federal court judgment denying attorney's fees did not constitute res judicata, and thus proceeded to adjudicate the matter. The issue arises whether the Full Faith and Credit Act precludes the federal court from enjoining the state court

er to remand due to lack of subject matter jurisdiction. *Id.* This is contrary to the former rule where the case must have been properly removed to end the state court's jurisdiction. *Id.*

**12.** Moreover, the party who removed the case is not obligated to appear in state court and litigate the suit on the merits if the state court

exercises jurisdiction in defiance of the removal. *Steamship Co., supra,* 106 U.S. at 123, 1 S.Ct. at 61. However, if the defendant chooses to defend in state court, it does not waive its jurisdictional objection. *Id.* Therefore, by defending in state court, Honda did not waive its right to contest the state court's jurisdiction to entertain the cross-claim.

in this situation. We conclude that the Full Faith and Credit Act was not triggered in this case. Unlike the situation in *Parsons*, this case does not involve a situation where concurrent jurisdiction rested with both the state and federal court. This case was removed to federal court which terminated the jurisdiction of the state court. Prior to a remand, the state court had a duty not to proceed in the case and any subsequent proceedings in state court were without legal effect. *Steamship Co., supra*, 106 U.S. at 122, 1 S.Ct. at 60; *Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 (1st Cir.1988). With the state court judgment a nullity under law, the Full Faith and Credit Act did not require the federal court to respect the state court judgment.[13]

V. Indemnity Claim

■■■■ Finally, we examine whether the district court correctly denied Packer's claim for indemnification of its attorney's fees. In a diversity case, state law governs the availability of attorney's fees under an indemnity claim. *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1622–23 n. 31, 44 L.Ed.2d 141 (1975). Under Florida law, an indemnitee is entitled to indemnification not only for the judgment entered against it, but also for attorney's fees and court costs. *Insurance Co. of North America v. King*, 340 So.2d 1175 (Fla. 4th D.C.A.1976). In this case, the district court found an award of attorney's fees improper because no judgment existed against either the indemnitor or indemnitee. However, Honda concedes that an indemnitor is not released from an indemnity claim simply because the indemnitor settled with the plaintiff. *Julien P. Benjamin Equip. Co. v. Blackwell Burner Co.*, 450 So.2d 901 (Fla. 3rd D.C.A.1984); *Rebhan Leasing Corp. v. Trias*, 419 So.2d 352 (Fla. 3rd D.C.A.1982);

*Eller and Co., Inc. v. Morgan*, 393 So.2d 580 (Fla. 1st D.C.A.1981); *Hertz Corp. v. Hellens*, 140 So.2d 73 (Fla. 2d D.C.A.1962). Hence, Honda's settlement with the plaintiffs does not relieve it of its liability for indemnification.

The more difficult question is whether an indemnitee who is voluntarily dismissed by the plaintiff is entitled to recover attorney's fees. Packer relies on *Pender v. Skillcraft Indus., Inc.*, 358 So.2d 45 (Fla. 4th D.C.A.1978) to support an award of attorney's fees. In *Pender*, the plaintiff sued the retailer and manufacturer of a clamp-on light which contributed to the plaintiff's son's fatal injuries. Since the retailer's liability was solely of a vicarious nature, the retailer cross-claimed for indemnity against the manufacturer. No express contractual relationship existed between the retailer and the manufacturer which obligated the manufacturer to defend actions brought against the retailer. Thus, the right to indemnity was based on implied contract law and general indemnity principles. At trial, the retailer was granted a directed verdict on the strict liability and negligence counts. Further, the jury verdict exonerated the retailer from liability on the implied warranty count. The retailer, therefore, was absolved of all liability. The manufacturer, however, was found liable and judgment was entered against it. The trial court thereafter denied the retailer's indemnity claim to recover attorney's fees and costs in defending itself in the primary litigation. On appeal, the Florida Fourth District Court of Appeals reversed.

In finding an award of attorney's fees appropriate, the appellate court stated that if the retail seller had been held liable on any one of the theories, the manufacturer would have been obligated to indemnify the retailer for the damages it paid and for

**13.** Under similar analysis, we find the abstention doctrines inapplicable here. Since this case does not involve a situation where parallel proceedings in both state and federal court were appropriate, the notion of comity which entails proper respect for state functions is not directly presented. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In this case, the state court proceedings were in defiance of the removal statute § 1446 since the state court proceedings were automatically stayed when the case was removed to federal court. We, of course, do not know if these problems were presented to the state court so we are not referring to any personal motives, but rather purely institutional concerns.

attorney's fees and costs. The court then reasoned that the retailer would in effect be penalized for successfully defending itself in the suit if it was required to bear its own costs of litigation. The court, however, limited its holding by stating that some nexus between the indemnitor and indemnitee is required to support an implied contract theory of indemnification. The court found that the privity of contract which existed between the retailer and manufacturer constituted such a nexus.

 This case presents a situation similar to that found in *Pender*. In both cases, the retailer was exonerated of liability and privity of contract existed between the retailer and manufacturer. However, a difference exists in this case since the retailer was exonerated not after successfully defending itself at trial, but through the plaintiffs' voluntary dismissal. We do not believe this difference undermines the reasoning in *Pender* to negate Packer's right to recover attorney's fees and costs.[14] Once a defendant establishes the vicarious nature of its liability and its right to indemnity, a voluntary dismissal is little different than a successful defense at trial.[15]

In support of the district court's denial of attorney's fees, Honda relies on *Maple Chair Co. v. W.S. Badcock Corp.*, 385 So. 2d 1036 (Fla. 1st D.C.A.1980). In *Maple Chair*, the trial court entered summary judgment granting attorney's fees before the primary litigation against the indemnitor had been resolved. On appeal, the Florida First District Court of Appeal reversed the award of attorney's fees finding such an award premature when the indemnitor's liability had not been conclusively resolved.

In this case, the award of attorney's fees was not premature since it was rendered after Honda settled with the plaintiffs. Honda does not contest that its liability to the plaintiffs was resolved through the settlement. Thus, we are not persuaded that *Maple Chair* is relevant authority in this case. It seems to us that the law announced in *Pender* is appropriate and controlling. However, in concluding that Packer is entitled to reasonable attorney's fees, we emphasize that Packer may recover only expenses incurred in defending against the plaintiffs' allegations and not expenses incurred to establish its claim for indemnity. *Post Houses, Inc. v. Fireman's Fund Ins. Co.*, 469 So.2d 863 (Fla. 1st D.C.A.1985). Therefore, we AFFIRM in part, REVERSE in part and REMAND for further proceedings consistent with this opinion.

**14.** This court is bound by a decision of a Florida District Court of Appeal on questions of Florida state law, absent a strong showing that the Florida Supreme Court would decide the issue differently. *Bailey v. Southern Pac. Transp. Co.*, 613 F.2d 1385, 1388 (5th Cir.1980).

**15.** Cases in which courts have denied attorney's fees to a retailer have involved situations where the retailer defended allegations of its own negligence in addition to claims of vicarious liability. *See Weston v. Globe Slicing Mach. Co.*, 621 F.2d 344 (9th Cir.1980); *Davis v. Air Technical Indus., Inc.*, 22 Cal.3d 1, 148 Cal.Rptr. 419, 582 P.2d 1010 (1978) (en banc): *Conrad v. Suhr*, 274 N.W.2d 571 (N.D.1979). Similarly, the Florida Supreme Court has indicated that indemnity is appropriate only in situations where the indemnitee is wholly without fault and is haled into court solely due to the fault of another. *Houdaille Indus., Inc. v. Edwards*, 374 So.2d 490 (Fla. 1979). This implies that an indemnitee may not recover attorney's fees incurred to defend claims of direct liability.