**James H. MOORE, Jr., et al.**

**v.**

**The STATE OF LOUISIANA THROUGH THE INSURANCE RATING COMMISSION ("LIRC"), et al.**

Nos. CIV.A. 05–374–JJB, CIV.A. 05–1008–JJB.

United States District Court, M.D. Louisiana.

Oct. 19, 2006.

---

**36.** The Court has considered all of the contentions of the parties whether specifically discussed herein or not.

Tom W. Thornhill, Chadwick William Collings, Thornhill & Collings, LC, Slidell, LA, for Plaintiffs.

Mark N. Mallery, Christine M. White, Christopher E. Moore, McGlinchey Stafford, Philip Anthony Franco, Adams & Reese, William D. Treeby, Sarah House Barcellona, Wayne J. Lee, Stone, Pigman, Walther, Wittmann, LLC, New Orleans, LA, Amy Collier Lambert, Richard Brooks Easterling, Robert Lewis Rieger, Jr., Adams & Reese, LP, Baton Rouge, LA, for Defendants.

### RULING AND ORDER

BRADY, District Judge.

Before the court are two motions. The first is one for injunctive relief (doc. 81) filed by defendants State Farm Fire and Casualty Company and State Farm General Insurance Company (together as "State Farm"). The plaintiffs consist of a puta-tive class of insureds under Louisiana State Farm's homeowners' policies (collectively "Plaintiffs"). Plaintiffs have filed an opposition to the motion for injunctive relief (doc. 95). State Farm has filed a reply (doc. 101).

The second motion is a motion to stay filed by Plaintiffs (doc. 77). State Farm has filed an opposition to that motion (doc. 94). The court's jurisdiction exists pursuant to 28 U.S.C. §§ 1332, 1453. The court heard oral argument on October 12, 2006.

### Background

On May 11, 2005, Plaintiffs filed a "Petition for Declaratory Judgment, Injunctive Relief, Damages and Writ of Mandamus" ("Moore I") in the Nineteenth Judicial District Court for the State of Louisiana. In that petition, Plaintiffs sought a judgment against State Farm on grounds that State Farm's alleged improper conversion of certain insurance policy forms, HO–1, HO–3, and HO–5, to one policy form, HO–W, violated Louisiana law. Plaintiffs claimed that through this conversion State Farm implemented an insurance rate change and/or increase in Louisiana which was reflected in significantly increased premiums for homeowners insured by State Farm. Moore I also named the Louisiana Department of Insurance ("DOI"), the Louisiana Insurance Rating Commission ("LIRC") and the state attorney general as defendants. State Farm removed Moore I to this court on May 23, 2005, pursuant to the recently enacted Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453.

On July 19, 2005, Plaintiffs filed a second class action petition in state court against State Farm titled "Petition for Appeal of the LIRC Decision of 21 June 2005, Writ of Mandamus, Injunctive Relief, Damages and Declaratory Judgment" ("Moore II"). Similar to Moore I, Moore II requested that the state court enjoin

State Farm's alleged illegal HO–W conversion. Moore II was removed to this court, pursuant to CAFA, by State Farm on August 8, 2005.

On May 31, 2005, LIRC filed an amended petition for declaratory judgment against State Farm ("Moore III"). The Moore III petition specifically avers, "[n]othing in this Petition for Declaratory Judgment should be construed as an allegation that State Farm acted illegally or outside the rules and regulations of the LIRC, or the laws of the State of Louisiana."[1] Plaintiffs joined that action as intervenors.

Plaintiffs filed a motion to remand Moore I and Moore II back to the state court. Magistrate Judge Riedlinger recommended that the requests for remand be denied (doc. 28, 47). Specifically, he found that as far as Moore I was concerned, State Farm was the party that would be directly liable for relief should the Plaintiffs be successful, and that the relief sought from LIRC and DOI were merely tangential (doc. 28 at 15). Judge Riedlinger essentially found the same to be true as to the claims in Moore II (doc. 47 at 17–18).

After the filing of Judge Riedlinger's recommendations in Moore I, but before those in Moore II, the state defendants in both Moore I and Moore II moved to sever and remand Plaintiffs' claims against them. They asserted that they were immune from suit in federal court under the Eleventh Amendment. Judge Riedlinger recommended that the claims against the state defendants be severed and remanded back to state court in both Moore I and Moore II. He recommended, however, that this court retain jurisdiction over the claims against State Farm.

On November 23, 2005, State Farm filed a notice of removal under traditional diversity in Moore III. Once again, Plaintiffs filed a motion to remand. Judge Riedlinger recommended that the motion be granted (doc. 14). He specifically found that the $75,000 jurisdictional amount was not properly alleged.

On June 27, 2006, this court ordered that Moore III be remanded back to the state court (doc. 57). The following day, this court ordered that the claims against the state defendants in Moore I and Moore II be severed and remanded to the state court, but it retained jurisdiction over all of Plaintiffs' claims against State Farm. Plaintiffs failed to appeal the orders under Moore I and Moore II, pursuant to 28 U.S.C. § 1453(c)(1).[2]

After the issue of jurisdiction was settled, Plaintiffs, on August 17, 2006, simultaneously filed multiple motions with the Nineteenth Judicial District Court, consisting of: (1) Motion to Consolidate Moore I, Moore II and Moore III; (2) Motion for Class Certification (filed under a consolidated caption); and (3) Motion to Reset Rule to Show Cause Hearing (also filed under a consolidated caption). The proposed order submitted along with the Motion for Class Certification directed State Farm to appear and show cause why the motion should not be granted. Moreover,

---

1. State's Farm's Exhibit 4, ¶ 3.

2. Plaintiffs point out that State Farm likewise failed to appeal the order remanding Moore III back to the state court. However, State Farm was not entitled to appeal that order. Moore III was removed to this court on the basis of traditional diversity, and not CAFA. While CAFA provides for appeals from orders remanding a "class action" that was removed to federal court, see 28 U.S.C. § 1453(c)(1), the traditional removal under 28 U.S.C. § 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."

the proposed order on Plaintiffs' Motion to Reset Rule to Show Cause Hearing requested the same injunctive relief against State Farm that was at issue in Moore I and Moore II.

### A. *State Farm's Motion for Injunctive Relief*

### 1. The Anti–Injunction Act With Respect to 28 U.S.C. § 1446(d)

 State Farm urges this court to enjoin the Nineteenth Judicial District Court from taking any further action against it in Moore I and Moore II.[3] 28 U.S.C. § 1453(b) states,

A class action may be removed to a district court of the United States in accordance with section 1446 (expect that the 1–year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

Once a class action is properly removed, 28 U.S.C. § 1447(c) provides a party with the right to file a motion to remand the case back to the state court. A party may appeal an order granting or denying a motion to remand a case that was removed pursuant to § 1453(b), provided that an application of appeal "is made to the court of appeals not less than seven days after entry of the order." *See* 28 U.S.C. § 1453(c)(1).

Moore I and Moore II were removed to this court pursuant to § 1453(b). Plaintiffs then filed their motions to remand both actions pursuant to § 1447(c). This court denied the motions to remand Moore I and Moore II as to the claims against State Farm. Thereafter, Plaintiffs failed to

utilize their right to appeal that order under § 1453(c)(1). They should not now be permitted to litigate their claims against State Farm in Moore I and Moore II in state court, through consolidation with Moore III. This is because jurisdiction over those claims now resides in this court.

Once an action is removed, the state court no longer has jurisdiction. *Meyerland Co. v. Fed. Deposit Ins. Corp.,* 910 F.2d 1257, 1263 (5th Cir.1990). Therefore, "[a]n injunction is proper" to preclude a state court from moving forward on a removed case. *Id.* In fact, Congress has mandated that after a case is removed, the "State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Under the Anti–Injunction Act, a federal court is permitted to enjoin state court proceedings as "expressly authorized by Act of Congress." 28 U.S.C. § 2283. Courts have construed the prohibition in 28 U.S.C. § 1446(d) as an express congressional authorization to enjoin or stay state court proceedings. *See, e.g., Mitchum v. Foster,* 407 U.S. 225, 234–37, 92 S.Ct. 2151, 32 L.Ed.2d 705; *Frith v. Blazon–Flexible Flyer, Inc.,* 512 F.2d 899, 901 (5th Cir. 1975); *Maseda v. Honda Motor Co.,* 861 F.2d 1248, 1254 (11th Cir.1988); *see also* 17 *Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4224, pg. 521.*

In addition, the "in aid of jurisdiction" exception was added to the Anti–Injunction Act " 'to make clear the recognized power of the Federal courts to stay proceedings in [s]tate cases removed to the district courts.' " *Maseda,* 861 F.2d at 1254. Thus "[t]he anti-injunction act ...

---

**3.** The corresponding state court cause numbers for Moore I and Moore II are 532–217 and 534–609, respectively.

does not bar an injunction of a state court proceeding which purports to exercise jurisdiction over a removed case." *Meyerland Co.*, 910 F.2d at 1263.

In the case at bar, Plaintiffs requested an order in state court requiring State Farm to show cause why a class should not be certified in Moore I and Moore II.[4] In addition, Plaintiffs' "Motion to Reset Rule to Show Cause Hearing" seeks to reset a preliminary injunction hearing that had been scheduled in Moore I before it was removed to federal court. Plaintiffs submitted a proposed order for the same relief that was requested against State Farm in Moore I and Moore II.

It is settled that jurisdiction over the claims against State Farm in Moore I and Moore II are in this court, and not in the state court. (Docs. 28, 47, 60). Thus, § 1446(d) provides the court with express congressional authorization to enjoin the Nineteenth Judicial District Court from moving further with respect to the claims against State Farm in Moore I or Moore II. However, the court finds that the state court has not moved forward, and therefore the court believes that an injunction is inappropriate at this time.[5]

**2. The Anti–Injunction Act With Respect to Principles of Federalism**

■ The Anti–Injunction Act was a result of Congress' acknowledgment of the important principles of federalism. *See In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332, 1334 (5th Cir.1981). By its plain language it states, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its

jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The present day statute has its origins from an act of Congress in 1793, and thus recognition of a federal court's limitation on enjoining state court proceedings is almost as old as our nation itself. *Mitchum v. Foster*, 407 U.S. 225, 232, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). While the legislative history of the statute is not clear, its purpose is grounded in the belief that there should be no " 'needless friction between state and federal courts.' " *Id.* at 232–33, 92 S.Ct. 2151 (*quoting Okla. Packing Co. v. Okla. Gas & Elec. Co.*, 309 U.S. 4, 9, 60 S.Ct. 215, 84 L.Ed. 537 (1940)).

As a general rule, federal courts are exceedingly reluctant to enjoin state court proceedings. As the Supreme Court emphasized in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), this reluctance is in deference to the fundamental principles of federalism, which represents

a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States .... [T]he normal thing to do when federal courts are asked to enjoin pending proceedings in a state court is not to issue such injunctions.

*Younger*, 401 U.S. at 44–45, 91 S.Ct. 746. Moreover, the Supreme Court has stated that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of

---

4. State Farm's Exhibit 2, *Order to Certify Class Action.*

5. Counsel for State Farm informed the court at oral argument that the state court had taken no action on Plaintiffs' motions.

permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 297, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

In the case at bar, the state court has not purported to assert jurisdiction over the claims against State Farm in either Moore I or Moore II. *Cf. Meyerland Co.,* 910 F.2d at 1263 (holding "[t]he anti-injunction act ... does not bar an injunction of a state court proceeding which purports to exercise jurisdiction over a removed case."). Indeed, the court is mindful of the deference it owes state court judges, and it has no reason to believe that § 1446(d) will not be applied appropriately in the Nineteenth Judicial District Court. Our system of federalism, rooted in the principles of comity between state and federal governments, is dependent on just this sort of deference. To hold otherwise would result in needless friction between the state and federal courts.

At oral argument, counsel for State Farm stressed that an alternative to enjoining the state court would be to enter an order enjoining Plaintiffs' counsel from continuing to file motions relating to the claims against State Farm in Moore I and Moore II. The Anti–Injunction Act "does not preclude injunctions against a lawyer's filing of *prospective* state court actions." *Newby v. Enron Corp.,* 302 F.3d 295, 301 (5th Cir.2002). In this case, however, State Farm seeks an injunction against Plaintiffs' counsel from making additional filings in *already-filed* state actions. The principles of federalism are affected differently when a court enjoins a litigant from filing prospective state court actions as opposed to making filings in existing state court actions. The state court is absent from the former scenario, but in the latter scenario, the practical effect of enjoining a litigant is to halt *existing* state court proceedings. Comity requires the state court to make those decisions, and therefore this court must defer to the state court's ability to handle its cases.

The result would be different if there was evidence that the state court violated 28 U.S.C. § 1446(d). The cases cited by State Farm all involve federal courts enjoining state courts, or litigants, *after* the state court took some sort of prohibited action. *See Mitchum,* 407 U.S. at 243, 92 S.Ct. 2151 (holding federal court was not precluded by Anti–Injunction Act from enjoining Florida state court *after* state court entered a preliminary order); *Harris County, Tex. v. CarMax Auto Superstores, Inc.,* 177 F.3d 306 (5th Cir.1999) (holding federal injunction countermanding *a state court injunction* did not violate Anti–Injunction Act); *Meyerland Co.,* 910 F.2d at 1263 (describing the injunction as one against an *on-going* state appeal); *Maseda,* 861 F.2d at 1255 (affirming an injunction against a state court from *enforcing* its judgment); *In re Corrugated Container Antitrust Litig.,* 659 F.2d at 1334–35 (holding injunction was proper *after* state court entered a temporary restraining order against defendants, many of whom were also defendants in a federal multidistrict action, because the restraining order would interfere with the multidistrict court's ability to dispose of the action before it).

Moreover, another basis for denying the requested injunction is that State Farm will not suffer an irreparable harm if an injunction is not issued. To be considered irreparable, the injury or harm must be permanent or of long duration. *Amoco Prod. Co. v. Vill. of Gambell,* 480 U.S. 531, 545, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987). A "party who remove[s][a] case is not obligated to appear in state court and litigate the suit on the merits if the state court

exercises jurisdiction in defiance of removal." *Maseda*, 861 F.2d at 1255 n. 11. Thus it can hardly be said that State Farm will suffer irreparable injury when it is not required to appear and litigate the properly removed claims.

Accordingly, it is hereby ordered that State Farm's motion for injunctive relief (doc. 81) is DENIED.[6]

### B. *Plaintiffs' Motion To Stay*

Plaintiffs filed a motion to stay (doc. 77) prior to State Farm's motion for injunctive relief (doc. 81). In their opposition (doc. 95) to State Farm's motion, Plaintiffs stated that their motion for partial summary judgment (doc. 89) "practically moots the Motion to Stay." At oral argument, Plaintiffs' counsel stated that the motion to stay was moot. Plaintiffs' counsel also intimated to the court that State Farm's arguments concerning the motion to stay, made at oral argument, were therefore irrelevant. Considering the foregoing circumstances, the court finds that Plaintiffs abandoned their motion to stay (doc. 77) and it is hereby DENIED.

Accordingly, it is ordered that State Farm's motion for injunctive relief (doc. 81) and Plaintiffs' motion to stay (doc. 77) are both DENIED.

---

6. Because State Farm's motion for injunctive relief is denied, the court does not address Plaintiffs' remaining arguments.